O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**LUVELLA FRANKLIN,**                    ) NO. CV 07-06407-MAN
                                         )
        **Plaintiff,**                    )
                                         ) MEMORANDUM OPINION
    v.                                  )
                                         ) AND ORDER
**MICHAEL J. ASTRUE,**                   )
**Commissioner of Social Security,**     )
                                         )
        **Defendant.**                    )
_____)

Plaintiff filed a Complaint on October 9, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for Disabled Widow's Benefits. On November 16, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on June 25, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On November 4, 2002, plaintiff's husband passed away, and on November 2, 2004, plaintiff filed an application for benefits as a disabled widow. (Administrative Record ("A.R.") 61-62.) Plaintiff alleges an inability to work since January 1, 1992, due to carpal tunnel syndrome post-surgery in both wrists. (A.R. 61-62, 198.) Plaintiff last worked as a parking ticket processing clerk in 1991. (A.R. 60, 197.)

The Commissioner denied plaintiff's application initially (A.R. 53), and on May 27, 2005, plaintiff requested a hearing on her claim (A.R. 51). On September 11, 2006, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Dale A. Garwal ("ALJ"). (A.R. 193-213.) On September 29, 2006, the ALJ denied plaintiff's claim, and the Appeals Counsel subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 22-30, 5-7.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his written decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since the onset of her alleged disability. (A.R. 28.) The ALJ further found that plaintiff has no past relevant work history, is closely approaching advanced age, and has more than a high school (or high school equivalent) education. (A.R. 29.) While plaintiff's impairments of hypertension and bilateral carpal tunnel syndrome post surgery on both wrists are considered "severe,"

they do not meet or medically equal one of the listed impairments. (A.R. 28-29.)  The ALJ further found that plaintiff's allegations regarding her limitations are "not totally credible." (A.R. 29.)

The ALJ determined that plaintiff has the residual functional capacity to perform a significant range of light exertional level work. (A.R. 29.)  Specifically, the ALJ found that plaintiff is able to: lift/carry and push/pull no more than ten pounds; stand/walk for no more than six hours in an eight-hour workday; sit for no more than six hours in an eight-hour workday; and frequently climb, balance, stoop, kneel, crouch, and crawl. (*Id.*)  The ALJ further found that plaintiff: should avoid concentrated exposure to extreme heat and extreme cold; has no other environmental limitations; and has no manipulative, visual, or communicative limitations. (*Id.*)

Based on the ALJ's residual functional capacity assessment and testimony from a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that plaintiff can perform, such as a cashier II and assembly worker. (A.R. 29.) Accordingly, the ALJ concluded that plaintiff was not under a disability at any time through the date of his decision. (*Id.*)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.

Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff alleges the following four issues: (1) whether the ALJ rejected plaintiff's pain testimony for legally sufficient reasons; (2) whether the ALJ properly evaluated the opinion of one of the examining physicians; (3) whether the ALJ erroneously relied on flawed vocational testimony; (4) whether plaintiff should be considered disabled under the aegis of Social Security Ruling 83-12.

**I.  The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

Plaintiff alleges that the ALJ improperly rejected plaintiff's subjective pain testimony. (Joint Stipulation ("Joint Stip.") at 3.) For the reasons set forth below, the Court agrees.

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonablely likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's

subjective symptom testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885.

Although the ALJ found that "the objective medical evidence shows that [plaintiff] has underlying medical conditions" of severe "bilateral carpal tunnel syndrome post surgery on both wrists" and "hypertension," the ALJ concluded that plaintiff "lacks . . . credibility regarding the extent to which [she] is impaired, and it does not appear that [plaintiff's] pain and other symptoms are as severe as those alleged." (A.R. 24, 26.) The ALJ cited two reasons for his adverse credibility finding, neither of which the Court finds convincing. First, the ALJ stated that plaintiff's "assertions of debilitating pain in her fingers, hands, and wrists is [*sic*] inconsistent with the . . . assessment of evaluating physician Dr. Ray Williams who reported that [plaintiff] can use both hands repeatedly for simple grasping, pushing, pulling, twisting, and fine manipulation." (A.R. 26.) Second, the ALJ stated that "[i]f plaintiff had a truly debilitating medical condition which involved constant daily pain and numbness in her fingers, hands, wrists, arms, shoulders, and neck, she would not be able to perform household chores or shop for groceries." (*Id.*)

The ALJ's first reason for rejecting plaintiff's credibility is not a convincing basis upon which to reject plaintiff's subjective pain complaints. The ALJ did not cite any objective medical evidence, such

as test results or clinical findings, that would undermine plaintiff's pain complaints. Rather, the ALJ relied on Dr. Williams' opinion regarding plaintiff's physical limitations to reject plaintiff's subjective complaints. (A.R. 26.) Critically, while Dr. Williams opined that plaintiff can use both hands repeatedly for simple grasping, pushing, pulling, twisting, and fine manipulation, he also stated that he was "unable to fully ascertain [the] functional limitations of [her] hands in this setting," and "a complete neurologic evaluation could make this determination." (A.R. 118-19.) Dr. Williams stated further that plaintiff "needs a complete evaluation of her hands to determine just what her functional limitations are." (A.R. 118.) Given the Ninth Circuit's clear holding that "pain is an inherently subjective phenomenon," the fact that plaintiff's pain complaints may not be fully supported by one examiner's medical opinion -- an opinion which concededly is not based on a reasonably complete evaluation of the functional limitations on plaintiff's use of her hands -- is not a convincing basis upon which to reject plaintiff's credibility, particularly when that examiner's opinion conflicts with another medical opinion of record that the ALJ failed to address.[1] <u>Bunnell</u>, 947 F.2d at 347.

The ALJ's second reason for rejecting plaintiff's subjective symptom testimony -- that if plaintiff had a truly debilitating medical

---

[1] In October 2004, Dr. Williams opined that plaintiff can: carry up to ten pounds; lift up to 50 pounds to waist level; lift up to 26 pounds overhead; use both hands for repeated simple grasping, pulling, pushing, twisting, and fine manipulation. (A.R. 119.) In August 2006, Nalayini Sivaraman, M.D., an examining physician, opined that plaintiff can lift/carry less than ten pounds and cannot use her hands for repetitive action such as simple grasping, pushing, and fine manipulation. (A.R. 185.)

7

condition, then she would not be able to perform household chores or shop for groceries -- is an equally unconvincing basis upon which to reject plaintiff's credibility. (A.R. 26.)  The ALJ's casual reference to plaintiff's limited ability to engage in daily activities to support his adverse credibility finding fails to demonstrate how plaintiff's performance of basic self-care activities and light household chores translates into the ability to engage in full-time work.  *See* Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989)("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.").

The fact that plaintiff can clean her own "living area," and shops for groceries "weekly or when needed" does not contradict her testimony that she is unable to work a full-time job because of the severe pain "in [her] wrists, [her] thumb, and the ulnar nerve," which "comes up . . . on the sides of [her] arm" and she experiences to "some degree all of the time."  (A.R. 102, 201.)  Plaintiff testified at the hearing that "they've operated on both hands . . . [t]wo times on each hand," and she "can use [her] hand[s] maybe five or ten minutes . . . [t]hen [she] ha[s] to take a break" from using her hands because of the "excruciating pain."  (A.R. 201, 203.)  There is no basis for finding that the simple daily activities cited by the ALJ, which plaintiff apparently struggles

to perform on a halting basis,[2] are easily transferable to the more grueling environment of the workplace, much less that they are inconsistent with and/or negate plaintiff's assertions as to her subjective symptoms flowing from her objectively determined physical impairments.  *See* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not "vegetate in dark room" in order to be deemed eligible for benefits).

Accordingly, the ALJ's rejection of plaintiff's credibility without setting forth clear and convincing reasons for the rejection constitutes reversible error.  On remand, the ALJ must provide reasons, if they exist, in accordance with the requisite legal standards, for discrediting plaintiff's pain testimony.

///
///
///
///
///
///
///

---

[2] In a 2005 Exertional Daily Activities Questionnaire, plaintiff indicated that she "can do everything, but it takes longer, because [she] ha[s] to rest [her] hands every 10 or 15 minutes from the pain." In response to whether she had "difficulty finishing any of [her] housework or other chores," plaintiff responded that "maybe 10 to 15 minutes at a time before the pain gets sharp . . . [she] ha[s] to stop and rest [her] hands or stop all together."  (A.R. 102-03.)

9

**II. The ALJ Failed To Evaluate Properly The Opinion Of Examining Physician Nalayini Sivaraman, M.D.**[3]

An ALJ is obligated to take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(d), 416.927(d). In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001).

Here, the opinion of Nalayini Savaraman, M.D., an examining physician, regarding plaintiff's limitations in the use of her hands was completely ignored by the ALJ.[4] (A.R. 24.) Dr. Sivaraman opined that plaintiff is precluded from using either of her hands for simple grasping, pushing, and fine manipulation. (A.R. 185.) If believed, Dr. Sivaraman's opinion is entirely incompatible with the "hand intensive" jobs identified by the vocational expert at the hearing. (A.R. 207.) Indeed, in his treatment notes, Dr. Sivaraman recommended that plaintiff "needs EMC and NC studies B/L UE to R/O nerve compression."[5] (A.R. 185.)

---

[3] In the Joint Stipulation, plaintiff incorrectly refers to Dr. Sivaraman as "Dr. Livaramen." Contrary to defendant's assertion, the Court does not believe that plaintiff's simple spelling mistake and/or inability to decipher accurately the physician's handwriting rises to the level of a "mischaracterization" of the record. (Joint Stip. at 13-20.)

[4] The ALJ discusses and rejects Dr. Sivaraman's opinion regarding plaintiff's *mental* limitations only. (A.R. 24.)

[5] These tests, *i.e.* an electromyelogram and nerve conduction test, are commonly administered to persons with carpal tunnel syndrome. See http://www.webmd.com. Dr. Sivaraman recommends that plaintiff undergo

Dr. Sivaraman's medical opinion suggests that plaintiff has significant problems with her hands, which may require additional testing and may preclude plaintiff's ability to work within the ALJ's residual functional capacity assessment. (A.R. 26, 184-85.) The ALJ's failure to discuss Dr. Sivaraman's opinion constitutes error.

Critically, and dispositively, the Commissioner concedes that "[t]he ALJ did not give reasons for not adopting [the] physical functional limitations set forth in a report by Dr. Nalayini Sivaraman, M.D." (Joint Stip. at 16.) While the Commissioner offers several reasons to justify the ALJ's failure to address Dr. Sivaraman's opinion regarding plaintiff's physical limitations (Joint Stip. at 15-20), a reviewing court cannot affirm the denial of benefits based on a reason not stated or finding not made by the ALJ. *See, e.g.,* Connett, 340 F.3d at 874 (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ's decision cannot be affirmed on the basis of evidence he did not discuss); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)(an agency decision cannot be affirmed on the basis of a ground that the agency did not invoke in making its decision); *see also* Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd

---

such tests to rule out nerve compression in both upper extremities. (A.R. 185.) Similarly, Dr. Williams, on whose opinion the ALJ relied, also suggests that such additional testing of plaintiff's hands is required. (A.R. 118.) Moreover, the ALJ specifically acknowledges that "the record does not contain an assessment of [plaintiff's] functional capacities by a treating physician." (A.R. 25.) Although the need to develop the record further was not raised as an issue by the parties, on remand, it may be desirable for plaintiff to undergo the appropriate examination(s) so that a correct disability determination can be made.

that is so even if [the Commissioner] can offer proper post hoc explanations for such unexplained conclusions," because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council")(citation omitted).

Accordingly, remand is appropriate for further consideration of Dr. Sivaraman's opinion in accordance with the requisite legal standards.

**III. Until The ALJ Has Properly Considered Plaintiff's Subjective Pain Testimony And The Opinion Of Dr. Sivaraman, The Court Cannot Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert Or Whether Plaintiff Is Disabled Under Social Security Ruling 83-12.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 422-24 (9th Cir. 1988). For the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044 (holding that hypothetical questions that do not include all of plaintiff's limitations are insufficient and warrant remand).

Here, the hypothetical may be incomplete to the extent that it does not reflect appropriately, in whole or in part, plaintiff's subjective pain testimony or the opinion of Dr. Sivaraman. (A.R. 205-11.) On remand, the ALJ should either properly reject plaintiff's pain complaints and/or Dr. Sivaraman's opinion in accordance with the appropriate legal standards, or the ALJ must incorporate them into the

hypothetical posed to the vocational expert.

### IV. Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.[6] *See,*

---

[6] Although plaintiff has not challenged the ALJ's conclusion that plaintiff's mental impairments are not severe, the ALJ notes that plaintiff has been diagnosed with "depressive disorder," "learning disorder, and borderline intelligence." (A.R. 24.) The ALJ further notes that, in August 2006, an evaluating physician opined that plaintiff has "'moderate' limitations in the ability to perform activities of daily living [and] 'mild' limitations in the ability to maintain social functioning." (*Id.*) On remand, the ALJ should consider the impact of all of plaintiff's impairments, whether severe or not, on her ability to engage in and sustain full-time work. *See* Rabadi v. Astrue, 2008 WL 2490188, *2 (9th Cir. 2008)(rejecting the ALJ's determination that the claimant was not entitled to benefits, because, *inter alia*, the ALJ failed to take into consideration "all of his impairments, whether severe or not, in combination"); *see also* 20 C.F.R. §§ 404.1545(e), 416.945(e)("we will consider the limiting effects of all

1  *e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 5, 2009

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

your impairment(s), even those that are not severe").